**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 14th day of December, two thousand four.

PRESENT: HON. JAMES L. OAKES,
         HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES
                 Circuit Judges.

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

    Appellee,

    -v.-                                          04-0835-cr

TROY HAYES,

    Defendant-Appellant.
- - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Michael Hillis,
                            Dombroski, Knapsack, &
                            Hillis LLC, New Haven,
                            Connecticut

—ISSUED AS MANDATE: 2/16/05 —

**APPEARING FOR APPELLEE:**   Mark D. Rubino, Assistant United States Attorney, Connecticut, (**William J. Nardini**, Assistant United States Attorney, of counsel on the brief, **Kevin J. O'Connor**, United States Attorney, Connecticut)

Appeal from the United States District Court for the District of Connecticut (Burns, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Troy Hayes appeals from the January 29, 2004 judgment entered in the United States District Court for the District of Connecticut (Burns, J.) convicting him, after a jury trial, as a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). It is assumed that the parties are familiar with the facts, the procedural context, and the specification of appellate issues.

This court has jurisdiction pursuant to 28 U.S.C. § 1291.

Hayes argues that the district court erred in denying his motion to bifurcate, a ruling that we review ordinarily for abuse of discretion, United States v. Belk, 346 F.3d 305, 310 (2d Cir. 2003). However, a district court "does not err when it refuses to bifurcate a defendant's jury trial to provide for separate consideration of the elements of a felon-in-possession charge." Id. at 310. Hayes urges that his is the "unusual case" contemplated in Belk in which bifurcation could have been appropriate. However, though Second Circuit precedent may "not go so far as to prohibit a District Court's bifurcation of the separate elements of a § 922(g)(1) charge, [it] at least makes it clear that a district court's exercise of its discretion in refusing

2

to bifurcate the elements of a §922(g)(1) charge is not reversible error." Id.

Hayes' next argues that enhancement of his criminal history category was plain error in violation of his Sixth Amendment rights under Blakely v. Washington, ___ U.S. ___, 124 S.Ct 2531 (2004). Specifically, Hayes argues that the district court erred in i) granting a "vertical" upward departure of four offense levels pursuant to U.S.S.G. §2K2.1(b)(5) based on the judge's finding that Hayes possessed ammunition in connection with drug trafficking; ii) granting a "horizontal" enhancement of two criminal history points pursuant to U.S.S.G. §4A1.1(2) for committing this offense less than two years after release from imprisonment for a prior offense; iii) designating Hayes as an "armed career criminal" pursuant to U.S.S.G. §4B1.4, resulting in a "vertical" upward enhancement of 10 levels. We will not apply Blakely to the Federal Guidelines unless and until the Supreme Court rules that we must. See United States v. Mincey, 380 F.3d 102 (2d Cir. 2004). We therefore reject Hayes' Blakely claims at this time.

The government responds that the enhancements in Hayes' sentence for criminal history and status as an armed career criminal are based on the fact of his prior convictions and thus authorized under Almendarez-Torres v. United States, 523 U.S. 224, 229-48 (1998); however, the enhancements in this case go beyond the mere "fact of a prior conviction" permitted by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001) (holding judge can appropriately find "who, what, when and where" of a prior conviction).

Therefore, the mandate in this case will be held pending the Supreme Court's decision in United States v. Booker, No. 04-104, and United States v. Fanfan, No. 04-105 (argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address the defendant's sentence until after the Supreme

Court's decision in <u>Booker</u> and <u>Fanfan</u>. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of <u>Booker</u> and <u>Fanfan</u>.

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

4