UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.  3:01CR199(EBB) |
| | : | |
| TROY HAYES | : | |

**GOVERNMENT'S POST-*BOOKER* SENTENCING MEMORANDUM**

The United States, by and through the undersigned Assistant United States Attorney, hereby submits this sentencing memorandum in response to the Court's order dated March 24, 2004, regarding whether a nontrivially different sentence should be imposed in this case in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Crosby*, 2005 WL 240916 (2nd Cir. 2005).  As we submit below, because a nontrivially different sentence should not be imposed in this case, resentencing is not appropriate.

A.   BACKGROUND

On August 29, 2003, a jury convicted defendant of being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g) and 924(a).  In the indictment, defendant was charged as being an armed career criminal in violation of 924(e)(1), which carries a minimum mandatory sentence of 15 years imprisonment.  The jury was deadlocked on the charge of possessing with intent to distribute 5 grams or more of cocaine base.

In the Presentence Investigation Report ("PSR"), the probation officer determined the defendant's base offense level to be 24 under U.S.S.G. § 2K2.1(a)(2), but found that a four-level increase was warranted under 2K2.1(b)(5) since defendant possessed the ammunition in connection with a drug trafficking offense.  This brought the defendant's adjusted offense level

to 28. However, because the defendant had three qualifying prior convictions, subjecting him to enhanced penalties under 18 U.S.C. § 924(e)(1), the PSR recommended that he be sentenced as an Armed Career Criminal under U.S.S.G. § 4B1.4. The probation officer also found that the defendant possessed the firearm in connection with a controlled substance offense, and set his offense level at 34 pursuant to Section 4B1.4(b)(3)(A).

According to the defendant's criminal history computation, he had 14 criminal history points resulting from his prior convictions. In addition, the PSR added two points pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense less than two years after his release from prison in November 1999. This fact increased the defendant's total criminal history points to 16, resulting in a criminal history category of VI. As an Armed Career Criminal, the defendant would automatically be sentenced under criminal history category VI pursuant to Section 4B1.4(c)(2). With a total offense level of 34 and a criminal history category of VI, the defendant's sentencing guidelines range was 262 to 327 months.

At sentencing, defendant argued that one of his prior convictions should not be counted toward his criminal history since, according to the defendant, the conviction was vacated and reopened after the defendant violated his probation. Defendant maintained that, since the conviction was "re-opened," there was no final judgment. The Court rejected this argument based upon a reading of the state court transcript which indicated that the judgment was reopened for purposes of sentencing the defendant on a violation of probation.

Further, defendant argued that he should not be sentenced as an Armed Career Criminal, contending that two of his prior sale of narcotics convictions were not "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A)(ii), because they were not punishable by imprisonment of

ten years or more.  The court rejected this argument since the prior state court convictions carried a maximum sentence of 15 years of imprisonment.

Lastly, defendant argued that he did not possess the ammunition in connection with a controlled substance offense.  The district court rejected the defendant's argument finding that defendant did possess the ammunition in connection with a drug trafficking offense.  The court sentenced defendant to 262 months of imprisonment.

On appeal, defendant did not challenge the sufficiency of the evidence against him.  Rather, defendant argued that this Court erred in denying his request to bifurcate the jury's consideration of the felon-in-possession-of-ammunition charge.  Defendant maintained that the jury should have been advised of his prior felony conviction only after the jury made a preliminary finding that he possessed the ammunition.

Defendant further argued that his sentence violated the Sixth Amendment in that the facts used to enhance his sentence were not proven to a jury beyond a reasonable doubt.  Specifically, defendant argues that his sentence should not have been enhanced based upon his prior convictions and that the court was precluded from applying an additional enhancement after making a finding that he possessed the ammunition in connection with a controlled substance offense.

The United States Court of Appeals for the Second Circuit rejected outright the defendant's first argument regarding bifurcation finding that the argument was foreclosed by the court's earlier ruling in *United States v. Belk*, 346 F.3d 305 (2d Cir. 2003).  The court of appeals also rejected defendant's constitutional challenge to the guidelines in light of *United States v. Mincey*, but stayed the mandate during the pendency of the Supreme Court's consideration of the

issue in *United States v. Booker*.

Following the Supreme Court's ruling in *Booker* and the Second Circuit's subsequent guidance in *Crosby*, this Court requested briefing on the threshold question of whether a nontrivially different sentence should have been imposed had the Court understood sentencing law as subsequently explained by the Supreme Court in *Booker*.

B.    DISCUSSION

In this case, the defendant's guidelines range was 262 to 327 months. The offense carries a minimum mandatory sentence of 15 years, which is 180 months. Therefore, the critical inquiry is, had the Court known that the sentencing guidelines were not mandatory, would it have imposed a nontrivially different sentence than the one imposed, which was the low end of the guidelines, 262 months.

First, although defendant challenged his guidelines calculations, he did not file any motions requesting that the Court depart from the guidelines. Thus, there is no basis now to determine that the Court might have considered any previously filed departure requests differently.

Moreover, nothing in the record suggests that a non-guidelines sentence would be appropriate in this case. The nature of the offense is extremely serious – defendant possessed a gun, several rounds of ammunition, multiple bags of cocaine, and he attempted to flee from police officers. Further, it cannot reasonably be argued that the defendant's offense level significantly overstated the likelihood of recidivism. The defendant has 16 criminal history points stemming from convictions involving assault, possession and sale of narcotics, larceny and weapons possession. Lastly, there are no other factors, such as drug addiction, mental or

emotional disorders, which would suggest that some lesser sentence would have been appropriate.

    In sum, the government submits that a guidelines sentence is reasonable in this case. Accordingly, because a nontrivially different sentence should be not imposed, the Court should decline to resentence the defendant in this matter.

    Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/
MARK D. RUBINO
ASSISTANT U.S. ATTORNEY
Federal Bar # ct03496
157 Church Street
P.O. BOX 1824
New Haven, CT  06510
(203) 821-3828

CERTIFICATION OF SERVICE

      This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this 18th day of April, 2005, to:

Michael Hillis
Dombrowski, Knapsack & Hillis
205 Whitney Avenue
New Haven, CT 06511

Earl Mack
U.S. Probation Office
450 Main Street, Room 725
Hartford, CT 06103

                                      /s/
                              MARK D. RUBINO
                              ASSISTANT U.S. ATTORNEY