UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF<br><br>V.<br><br><br>TROY HAYES<br>DEFENDANT | )<br>)   CRIMINAL NO.: 3:01cr199 (EBB)<br>)<br>)<br>)<br>)   April 15, 2005<br>)<br>)<br>) |

### MEMORANDUM RE: RE-SENTENCING

Pursuant to the Court's Order dated March 24, 2005, the Defendant, **TROY HAYES**, respectfully presents his memorandum with regard to re-sentencing.

I.   **A NONTRIVIALLY DIFFERENT SENTENCE SHOULD BE IMPOSED PURSUANT TO UNITED STATES v. CROSBY, No. 03-1675, 2005 WL 240916 (2nd Cir., February 2, 2005):**

On January 29, 2004, the Court acknowledged that the mandatory nature of the United States Sentencing Guidelines limited its discretion in the instant matter:

> "Twenty-two years is a long time. Twenty-two years is a long time for a man who is only 28-years-old. **Mr. Hillis, many of us do not agree with the results of the sentencing guidelines**. And you must know indeed some of my colleagues, not in Connecticut, have left the bench because they are unhappy about the sentencing guidelines. Nevertheless, that's the system under which we have to sentence defendants in federal court, whether we like it or not." See Sentencing Transcript, Page. 57.

>"Instead of learning from the initial convictions he received, he just continued on with his criminal activity until here is now in federal court faced with the situation we have with the sentencing guidelines, which is in many ways, **Draconian**, I agree." See Sentencing Transcript, Page 58

>"This, as you know, results in a **very heavy sentence** for this gentleman. The offense level is 34, criminal history category is 6, and the range is 262 to 377 months. Certainly, I think a sentence at the bottom of the guideline range is adequate, **is more than adequate in this case. It's what I feel impelled to impose under my responsibilities under the current sentencing of this defendant**." See Sentencing Transcript, Page 60.

In an effort to lessen the impending flood of appeals post Booker/Fanfan, the Second Circuit provided guidance for U.S. District Court's for both pre and post appeal procedures, which essentially determined that the now advisory Guidelines are to be considered as a factor in addition to all of the other factors under 18 U.S.C. §3553. The Second Circuit, under special inquiry order pursuant to its decision in Crosby, automatically remanded this matter at the request of the Defendant to determine if the U.S. District Court finds it appropriate to resentence **HAYES** in light of the advisory nature of the guidelines. "A remand for determination of whether to resentence is appropriate in order to undertake a proper application of the plain error and harmless error doctrines." Crosby, Pg. 35.

The Second Circuit recognized that in assessing the type of sentencing error, the District Court would have to address whether it felt compelled to render a sentence under the

mandatory guideline range.  "Even if reasonable as to length, a sentence unreasonable for legal error in the method of its selection is cause for concern because, in many cases, it will be impossible to tell whether the judge would have imposed the same sentence had the judge not felt compelled to impose a Guidelines sentence." Crosby, Pg. 28.   "[W]e cannot know whether a correct perception of the law would have produced a different sentence.  A remand is needed to answer that question." Id., at Pg. 36-37.

Absent a definitive conclusion that this Court would have found a nontrivially different sentence for **HAYES** than originally imposed under the mandatory Sentencing Guidelines system, the Courts colloquy at sentencing suggest it would be possible.

II.    **ARGUMENT:**

With an understanding that the Supreme Court's decision in Booker effectually rendered the United States Sentencing Guidelines as *advisory*, but in light of the U.S. Court of Appeals - 2nd Circuit's decision in Crosby, that under 18 U.S.C. §3553 the Guidelines should be one of many factors to be considered for sentencing, the Defendant respectfully submits the following:

   A.    **HISTORY OF CASE:**

On August 15, 2001, the Defendant, **TROY HAYES** (hereinafter referred to as "**HAYES**"), was indicted and charged in a two count indictment charging violations of Title 21 U.S.C. §841 (a)(1) and (b)(1)(B)(iii) for Possession with Intent to Distribute Cocaine Base and Title 18 U.S.C. §922 (g)(1), 924 (a)(2) and 924 (e)(1) Possession of Ammunition by a Convicted Felon.

It was alleged that from sometime on or about May 13, 2001, **HAYES**, allegedly, did knowingly and intentionally possess with intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii). It was further alleged that on said date, **HAYES**, allegedly, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in an affecting commerce, eleven (11) rounds of Remington-Peters ammunition and two (2) rounds of Federal Cartridge ammunition, which had allegedly been transported in interstate or foreign commerce.

On August 16, 2001, an arrest warrant was issued. **HAYES**, having been arrested on May 13, 2001, had already been in the custody of the State of Connecticut.

On August 15, 2001, an Indictment was filed. **HAYES** was charged in Count One and Count Two for violations of Title 21 U.S.C. §841 (a)(1) and (b)(1)(B)(iii) for Possession with Intent to Distribute Cocaine Base and Title 18 U.S.C. §922 (g)(1), 924 (a)(2) and 924 (e)(1) Possession of Ammunition by a Convicted Felon.

On August 12, 2003, jury selection was held and on August 26, 2003, **HAYES** was tried.

On August 28, 2003, the Court declared a mistrial when the jury failed to render a decision as to Count One of the Indictment.

On August 29, 2004, the jury returned a verdict of guilty against **HAYES** as to Count Two.

On October 14, 2003, United States Probation Officer Earl D. Mack prepared a presentence report.

On December 29, 2003, **HAYES** filed a Memorandum in Aid of Sentencing, stating his objections to the presentence report.

On January 29, 2004, **HAYES** was sentenced to a term of two hundred sixty two (262) months as to Count Two and Count One was subsequently dismissed.

On February 3, 2004, **HAYES** filed his notice of appeal.

On August 5, 2004, **HAYES** filed his Appellate Brief, in which the following issues were presented:

I.  Did the Court err by not granting the Defendant's Motion for Bifurcation, in which the jury would decide: 1) whether the Defendant-Appellant possessed a quantity of cocaine base, eleven rounds of Remington ammunition and two rounds of Federal Cartridge ammunition; and, 2) whether the Defendant-Appellant was a convicted felon?

II. Based on the Supreme Court's rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), did the Court err by granting:

  1. An upward or "vertical" departure of four (4) offense levels pursuant to U.S.S.G. §2K2.1(b)(5) based on facts not decided by a jury;

  2. An upward or "horizontal" departure of two (2) criminal history points pursuant to U.S.S.G. §4A1.1(e) based on facts not decided by a jury; and,

  3. A designation as an "Armed Career Criminal" pursuant to U.S.S.G. §4B1.4, which resulted in an upward or "vertical" departure of ten (10) offense levels based on facts not decided by a jury?

On December 9, 2004, **HAYES** presented his argument before the U.S. Court of Appeals for the Second Circuit.

On December 10, 2004, the Appellate Court affirmed the judgment of this Court, however by way of special inquiry order in light of the Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (2005), and its subsequent decision in Crosby, the Second Circuit has afforded the District Court the opportunity to determine whether re-sentence under the new *advisory* guideline system is appropriate.

On February 7, 2005, **HAYES** filed a response to the U.S. Court of Appeals inquiry indicating his desire to have his sentence reviewed.

**B.    THE PRESENTENCE REPORT, OBJECTIONS AND SENTENCING:**

On October 14, 2003, U.S. Probation Officer Earl Mark, issued a presentence report, recommending:

1. An upward or "vertical" enhancement of four (4) levels pursuant to U.S.S.G. §2K2.1(b)(5) (for possessing ammunition in connection with drug trafficking);

2. An upward or "horizontal" enhancement of two (2) criminal history points pursuant to U.S.S.G. §4A1.1(e) (for committing the instant offense less than two (2) years after his release from incarceration; and,

3. A designation as "Armed Career Criminal" pursuant to U.S.S.G. §4B1.4, which resulted in an upward or "vertical" enhancement of ten (10) levels.

On December 29, 2003, **HAYES**, filed a Memorandum in Aid of Sentencing, in which he objected to the enhancements based on the facts decided by a jury and the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), as further emphasized in Booker. In its

consideration of the advisory guidelines, the Court should have found **HAYES'** Offense Level (hereinafter referred to as "OL") to be twenty-four (24) with a Criminal History Category (hereinafter referred to as CHC) of VI, resulting in a sentencing range of 100-125 months.

On January 29, 2004, under the then mandatory guidelines, the Court granted the aforementioned enhancements and found the **HAYES'** OL was thirty-four with a CHC of VI, resulting in a sentencing range of 262-377 months. The Court imposed a sentence of 262 months.

### C.   FACTS DETERMINED BY THE COURT AT SENTENCING:

In Apprendi v. New Jersey, 530 U.S. 466, the Supreme Court ruled that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, at 490. In the instant matter, **HAYES** was found guilty with violations of 18 U.S.C. §922 (g)(1), felon in possession of ammunition. The penalties of this violation are set forth in 18 U.S.C. §924 (2) wherein it states, "[w]hoever knowingly violates subsection (a)(6), (d), (g), (h), (I), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." At sentencing the Court found that **HAYES'** penalty was a mandatory minimum of fifteen (15) years under 18 U.S.C. §924(e)(1).

By increasing the statutory maximum under 18 U.S.C. §924, by way of enhancements imposed under Federal Sentencing Guidelines based on facts which were not decided by way of a jury, the sentence of 262 months violates **HAYES'** rights under the Sixth Amendment.

"The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 2004 WL 1402697 (June 24, 2004), at Page 7.  "In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.*

In the instant matter, the Court rendered a sentence based on facts which caused the jury to be mistried, to wit – possession with intent to sell cocaine base.  An enhancement under U.S.S.G. §2K2.1(b)(5) is allowed when a defendant possessed ammunition and/or a firearm in connection with drug trafficking.  **HAYES** would submit that in light of the mistrial on Count One, the jury verdict could not substantiate such an enhancement.  After hours of deliberation as to Count One, the jury was hung on this very issue.

At sentencing, the Court stated "[i]t suggests to me that Mr. Hayes, at that time, whether he actually sold any drugs that evening, we don't have specific information, but all of the surrounding circumstances strongly suggest that he was carrying the drugs for trafficking purposes.  And that the gun in the car and the bullets in his pockets were designed to assist him if he had any problems in that endeavor."

"...[I]t can hardly be said that the potential doubling of one's sentence – from 10 years to 20 – has no more than a nominal effect.  Both in terms of absolute years behind bars, and because of the more severe stigma attached, the differential here is unquestionably of constitutional significance." Apprendi, at 495.

The application of U.S.S.G. §4B1.4 violates the Sixth Amendment of the Constitution and the principles set forth in Apprendi, as it triggers an enhancement under the so-called "Armed Career Criminal" guideline.  In Apprendi, the Supreme Court held that a sentence involving an offense that triggered the application of a state's "hate crime enhancement," was a violation of the Sixth Amendment when it resulted in a sentence that more than doubled the Defendant's maximum sentence by statute.  "This Court held that the sentence enhancement violated Apprendi's right to a jury determination whether he was guilty of every element of the crime with which he was charged, beyond a reasonable doubt.  That right attached not only to Apprendi's weapons offense but also to the 'hate crime' aggravating circumstance."  Apprendi, at 476-477, Ring v. Arizona, 536 U.S. 584, at 602 (2002).

In identical fashion, the instant matter involves an offense that triggers the stigma of the "Armed Career Criminal," resulting in an increase of over ten (10) levels, and a sentence that more than doubles the actual underlying offense.  Although the jury was read a stipulation that **HAYES** was convicted of one prior felony, the facts used to enhance **HAYES'** sentence under U.S.S.G. §4B1.4 was never decided by a jury.  "If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact – no matter how the State labels it – must be found by a jury beyond a reasonable doubt." Ring, at 602.

In his December 29, 2003 Memorandum in Aid of Sentencing, **HAYES** argued that the imposition of the enhancement "encourages the Court to rule in violation of *Apprendi*, and the jury should have made a finding with regard to 18 U.S.C. 924(e) that the Defendant indeed has

three (3) prior 'serious drug offenses' or 'crimes of violence' as the statutory maximum of 18 U.S.C. 924(a)(2) (ten (10) year maximum) is increased to a fifteen (15) year minimum under 18 U.S.C. §924(e) and as such, a reasonable doubt evidentiary standard determined by a jury is mandated." "[W]hen the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." Apprendi, at 495.

At sentencing, the Court did not articulate its reasons for how it applied the Armed Career Criminal Act, but stated "...I think that the calculation of the sentencing guidelines as set forth by the Probation Department is correct, and I adopt those calculations." See Sentencing Transcript, Page 59. In the Presentence Report of October 14, 2003, paragraph 13 states that pursuant to U.S.S.G. §4B1.4, the Defendant's criminal history puts him in the category of Armed Career Criminal, with at least three prior felonies of a "controlled substance offenses" and/or "crime of violence," without actually articulating which specific offenses were used in the calculation.

The Defendant's criminal history consisted of the following: Burglary 3rd (September 15, 1997), Larceny 2nd (March 31, 1992), Assault on a Peace Officer (May 4, 1993), Larceny 3rd (December 16, 1994), Sale of Narcotics (November 2, 1995), Sale of Narcotics (October 24, 1997) and Assault 3rd (June 5, 2001). While there is no dispute as to whether the two narcotics sales apply, the required third felony is clearly missing.

The first of the remaining applicable possibilities, burglary third, involved the Defendant's

alleged attempt to break into a 1992 Chevy Blazer.   In United States v. Shepard, 544 U.S. ____ (2005), the Court made a distinction that only burglary of a building was considered a violent felony in calculating the applicability of the Armed Career Criminal Act.   Secondly, the charge of Assault of a Peace officer was not even a factor in calculating **HAYES'** Criminal History (See Presentence Report, Paragraph 17).   And Lastly, Assault 3rd is considered a Class A misdemeanor and not felony under Connecticut State Law (C.G.S. 53a-61).

The Defendant understands that under the current prevailing law of Apprendi and Almendarez-Torres v. United States, 523 U.S. 224 (1998), prior convictions are not factors to be found by the jury.   However, this Court should strongly note that the decision rendered in Almendarez-Torres is considered a mistake by a majority in the Supreme Court.   In his concurring opinion in Shepard, Justice Thomas states that "*Almendarez-Torres*, like *Taylor*, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided."   "The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability."   *Id.*   In addition, "[t]he need for further refinement of *Taylor* endures because this Court has not yet reconsidered *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which draws an exception to the *Apprendi* line of cases for judicial factfinding that concerns a defendant's prior convictions." *Id.*

"Whether the judge's authority to impose an enhanced sentence depends on finding of a specified fact (as in *Apprendi*), one of several specified facts (as in *Ring*), or *any* aggravating

fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence." <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). "For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." <u>United States v. Booker</u>, 543 U.S. __ __, (2005). "[A] sentencing judge would violate the Sixth Amendment by making factual findings and <u>mandatorily</u> enhancing a sentence above the range applicable to facts found by a jury or admitted by a defendant." <u>United States v. Crosby</u>, No. 03-1675, 2005 WL 240916 (2nd Cir., February 2, 2005, Pg. 27).

### III. **CONCLUSION:**

It was clear at Sentencing that respectfully, the Court concluded that 262 months was "draconian" and "more than adequate." More importantly, the Court is presented with an opportunity to fashion a "just and reasonable sentence" under the particular facts of Mr. Hayes' case. On behalf of the Defendant, we respectfully request the opportunity to revisit Mr. Hayes' sentencing again.

> THE DEFENDANT
> TROY HAYES
>
> BY: _/s/ Michael S. Hillis_____
> MICHAEL S. HILLIS
> DOMBROSKI, KNAPSACK & HILLIS, LLC
> 205 Whitney Avenue
> New Haven, CT 06511
> (203) 624-9096  Bar #: ct11867

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum RE: Re-Sentencing was sent, postage prepaid, this 15th day of April, 2005, to:

**MARK RUBINO**, AUSA
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, Connecticut 06510

**CHAMBERS OF THE HONORABLE ELLEN B. BURNS**
U.S. District Court
141 Church Street
New Haven, Connecticut 06510

_____
MICHAEL S. HILLIS